GREENBERG TRAURIG, LLP
IAN C. BALLON (SBN 141819)
*Ballon@gtlaw.com*
NINA D. BOYAJIAN (SBN 246415)
*BoyajianN@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700
Fax: 310-586-7800

Attorneys for Defendants Roomster Corp.,
John S. Shriber; Roman Zaks

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| Alexander von Brandenfels,<br><br>   Plaintiff in Pro Per,<br><br>vs.<br><br>Roomster Corp., John S. Shriber, Roman Zaks,<br><br>   Defendants. | CASE NO.:  5:20-cv-00411-SVK<br><br>**DEFENDANTS JOHN S. SHRIBER AND ROMAN ZAKS' NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(B)(2); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Declaration of Roman Zaks; Declaration of John S. Shriber; Request for Judicial Notice; Declaration of Nina D. Boyajian; Proposed Order filed concurrently]*<br><br>Date:         March 31, 2020.<br>Time:         10:00 AM<br>Courtroom:    6<br><br>Judge: Hon.   Susan Van Keulen<br>Action Filed: January 21, 2020 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 31, 2020, at 10:00 AM, in Courtroom 6 of the above-captioned Court, located at 280 South 1st Street, San Jose, California, defendants John S. Shriber ("Shriber") and Roman Zaks ("Zaks") will and hereby do respectfully move this Court for an order dismissing plaintiff Alexander von Brandenfels' Complaint against them individually pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

There is no jurisdiction over Shriber and Zaks in California because they are not domiciled in California and did not purposefully direct the activities out of which plaintiff's claims arise into California. The exercise of jurisdiction would therefore violate due process.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declarations of John S. Shriber and Roman Zaks, the Request for Judicial Notice and supporting Declaration of Nina D. Boyajian, all pleadings and files in this matter, and upon such other and further oral or documentary evidence as may be presented to the Court at or prior to the hearing on this Motion.

Dated:  February 25, 2020                     GREENBERG TRAURIG, LLP


                                              By:  /s/ Nina D. Boyajian
                                                   Ian C. Ballon
                                                   Nina D. Boyajian
                                              Attorneys for Defendants Roomster Corp.; John S. Shriber;
                                              Roman Zaks

# TABLE OF CONTENTS

                                                                                                                       **Page**

I. INTRODUCTION ............................................................................................................. 1

II. ISSUES TO BE DECIDED ............................................................................................... 2

III. FACTUAL ALLEGATIONS ............................................................................................ 2

    A. Plaintiff's Allegations ............................................................................................ 2
    B. Shriber and Zaks' Lack of Contacts with California ............................................. 3

IV. ARGUMENT ..................................................................................................................... 3

    A. Standard for Ruling on a Rule 12(b)(2) Motion to Dismiss .................................. 3
    B. Shriber and Zaks Are Not Subject to General Jurisdiction in California ............. 4
    C. Shriber and Zaks Are Not Subject to Specific Jurisdiction in California ............ 6

        1. Standard for Analyzing Specific Jurisdiction ........................................... 6
        2. Shriber and Zaks Have Not Purposefully Directed Any Conduct Toward California ..................................................................................... 7

    D. The Exercise of Personal Jurisdiction over Shriber and Zaks Would Violate Due Process ............................................................................................................ 10

V. CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*AT&T Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*,
  94 F.3d 586 (9th Cir. 1996) .................................................................................................... 4

*Calder v. Jones*,
  465 U.S. 783 (1984) ................................................................................................... 4, 6, 7, 10

*Chan v. Soc'y Expeditions, Inc.*,
  39 F.3d 1398 (9th Cir. 1994) ................................................................................................ 3, 4

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ................................................................................................................ 5

*Davis v. Metro Prods., Inc.*,
  885 F.2d 515 (9th Cir. 1989) ................................................................................................ 1, 7

*Deeba Abedi v. New Age Med. Clinic PA*,
  No. 1:17-CV-1618 AWI SKO, 2018 U.S. Dist. LEXIS 105932 (E.D. Cal. June 22,
  2018) ....................................................................................................................................... 7

*Hanson v. Equilon Enters. LLC*,
  No. C 14-02674 LB, 2014 U.S. Dist. LEXIS 110795 (N.D. Cal. Aug. 8, 2014) .................... 5

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ................................................................................................................ 4

*Hendricks v. New Video Channel Am.*,
  No. 2:14-cv-02989-RSWL-SSx, 2015 U.S. Dist. LEXIS 74677 (C.D. Cal. June 8,
  2015) ....................................................................................................................................... 6

*Indep. Elec. Supply v. Solar Installs, Inc.*,
  No. 4:18-cv-01435-KAW, 2018 U.S. Dist. LEXIS 198930 (N.D. Cal. Nov. 21, 2018) ...... 7, 8

*Int'l Shoe Co. v. State of Washington*,
  326 U.S. 310 (1945) .......................................................................................................... 4, 10

*Keeton v. Hustler Magazine, Inc.*,
  465 U.S. 770 (1984) ................................................................................................... 4, 6, 10

*LeDuc v. Ky. Cent. Life Ins. Co.*,
  814 F. Supp. 820 (N.D. Cal. 1992) ......................................................................................... 5

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) .................................................................................................. 5

ii

Case No.: 5:20-cv-00411-SVK
Defendants Shriber and Zaks' Notice of Motion and Motion to Dismiss Complaint

ACTIVE48431422

*Lewis v. Travertine, Inc.*,
  No. 2:17-cv-00016-CAS, 2017 U.S. Dist. LEXIS 62926 (C.D. Cal. Apr. 24, 2017) .......................... 6

*Luna v. Shac, LLC*,
  No. C14-00607 HRL, 2014 U.S. Dist. LEXIS 96847 (N.D. Cal. July 14, 2014) ................................ 7

*Marder v. Lopez*,
  450 F.3d 445 (9th Cir. 2006) ............................................................................................................ 8

*Marsh v. Zaazoom Sols., LLC*,
  No. C-11-05226-YGR, 2012 U.S. Dist. LEXIS 37758 (N.D. Cal. Mar. 20, 2012) ............................ 9

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
  647 F.3d 1218 (9th Cir. 2011) ......................................................................................................... 7

*Menken v. Emm*,
  503 F.3d 1050 (9th Cir. 2007) ......................................................................................................... 4

*Moser v. Health Ins. Innovations, Inc.*,
  No. 3:17-cv-1127-WQH-KSC, 2018 U.S. Dist. LEXIS 3237 (S.D. Cal. Jan. 5, 2018) ..................... 7

*Pakootas v. Teck Cominco Metals, Ltd.*,
  905 F.3d 565 (9th Cir. 2018) ........................................................................................................... 7

*Panavision Int'l, L.P. v. Toeppen*,
  141 F.3d 1316 (9th Cir. 1998) ......................................................................................................... 4

*Ross v. Altria Group, Inc.*,
  No. C 04-01453 SI, 2004 U.S. Dist. LEXIS 18558 (N.D. Cal. Sept. 3, 2004) .................................. 5

*Rush v. Savchuk*,
  444 U.S. 320 (1980) ......................................................................................................................... 4

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ....................................................................................................... 6, 7

*Scott v. Breeland*,
  792 F.2d 925 (9th Cir. 1986) ........................................................................................................... 3

*Sher v. Johnson*,
  911 F.2d 1357 (9th Cir. 1990) ......................................................................................................... 4

*Square 1 Bank v. Lo*,
  128 F. Supp. 3d 1257 (N.D. Cal. 2015) ........................................................................................... 5

*In re W. States Wholesale Natural Gas Antitrust Litig.*,
  715 F.3d 716 (9th Cir. 2013) ........................................................................................................... 3

*Yagman v. Gabbert*,
  684 F. App'x. 625 (9th Cir. 2017) ................................................................................................ 3, 5

**State Statutes**

California Code of Civil Procedure § 410.10 ................................................................................. 4

**Rules**

Federal Rules of Civil Procedure, Rule 12(b)(2) ............................................................... 2, 3, 10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants John Shriber and Roman Zaks have no connection to the Northern District of California, or to the State of California. Nor has plaintiff Alexander von Brandenfels alleged any such connection. Instead, the plaintiff claims that allegedly wrongful texts were sent to him – not by Roomster, not by Shriber, and not by Zaks – but by Roomster's advertising affiliates. Based on this alleged affiliate conduct, plaintiff seeks to hold not only Roomster, but also the individual officers of Roomster, liable. Such an attenuated theory of liability fails as a matter of law, particularly in a Court where, as here, the individuals have no connection to the forum.

Shriber and Zaks do not reside in California. Declaration of John S. Shriber ("Shriber Decl.") ¶ 3; Declaration of Roman Zaks ("Zaks Decl.") ¶ 3. They do not own or rent any property in California, they have no bank accounts in California, they file no taxes in California, they do not vote in California, they do not regularly conduct business in California, and they have very limited contacts in California. Shriber Decl. ¶¶ 6-9, 11; Zaks Decl. ¶¶ 6-9, 11. Their only limited contacts in California are related to Roomster Corporation, of which they are officers. Shriber Decl. ¶ 2; Zaks Decl. ¶ 2. Shriber and Zaks cannot be said to avail themselves of California law or protections or call California home. Tellingly, plaintiff has not alleged otherwise, nor has he affirmatively represented that Shriber and Zaks are in any way connected to California. Plaintiff has fallen far short of satisfying his burden of establishing that Shriber and Zaks are subject to personal jurisdiction in California.

The alleged affiliate conduct plaintiff complains of, while firmly contested by Roomster as giving rise to liability for any of the defendants, is not conduct that Shriber and Zaks were personally aware of. Even if Roomster is subject to personal jurisdiction in California, Shriber and Zaks cannot be as they are only individual corporate officers, and personal jurisdiction only follows corporate officers if the officers knew of the conduct and actively supported or guided the conduct. *See Davis v. Metro Prods., Inc.*, 885 F.2d 515, 523 n.10 (9th Cir. 1989) (only finding personal jurisdiction over individual corporate officers if they were the "guiding spirit" or the "central figure" in the challenged corporate activity). This is not the case here; Shriber and Zaks were unaware of the specific conduct plaintiff alleges.

Accordingly, under Fed. R. Civ. P. 12(b)(2), plaintiff's claims against Shriber and Zaks should be dismissed from this suit.

## II.     ISSUES TO BE DECIDED

Whether the individual officers of a corporate defendant can be subject to jurisdiction in California where they lack the minimum contacts with California and had no knowledge of the allegedly wrongful conduct directed to California.

## III.     FACTUAL ALLEGATIONS

### A.     Plaintiff's Allegations

Plaintiff's complaint against Roomster, John Shriber, and Roman Zaks alleges five causes of action: two under the Telephone Consumer Protection Act (TCPA) and a related federal regulation (47 CFR 64.1200(c)(2)) (Complaint ¶¶ 181–199), two under the federal Racketeer Influenced and Corrupt Organizations Act (RICO) statute (*id.* ¶¶ 212–243), and one cause of action for negligence. *Id.* ¶¶ 200–211.

Plaintiff's TCPA and negligence causes of action – the only two claims alleged against Shriber and Zaks – are based upon text messages that he allegedly received between April and June 2019 from Roomster affiliates.[1] During this period, while searching for rooms to rent, plaintiff replied to several Craigslist listings. *Id.* ¶ 46. After replying to these listings, he allegedly received unwanted text messages from phone numbers directing him to sign up for Roomster. *Id.* ¶ 48. Plaintiff alleges that Roomster is aware that its affiliates send unsolicited text messages—by virtue of a 2017 news article from the *SFGate*, a 2016 voluntarily-dismissed TCPA lawsuit in the Southern District of New York, and alleged complaints that customers have sent to a Roomster.com email address—but has not taken action to stem this behavior. *Id.* ¶¶ 108–153. All defendants vehemently deny any of the wrongdoing alleged by the plaintiff.

Regarding John Shriber and Roman Zaks, who have been named as codefendants in their individual capacities, plaintiff alleges that (1) they were closely involved in creating the affiliate

---

[1]     Affiliate marketing is a legitimate and extremely common form of online advertising, and like many online companies, including Amazon and eBay, Roomster uses an affiliate program to advertise its services. *See* Request for Judicial Notice ("RJN"), Declaration of Nina D. Boyajian ("Boyajian Decl."), Ex. A; Shriber Decl. ¶ 13.

marketing program and continue to be involved in managing it, (2) they are aware that the "true purpose" of the program is to refer customers to Roomster using fake listings on third-party websites, and (3) they have not acted to stop affiliate marketers from using fake listings despite their knowledge. *Id.* ¶¶ 176–179. Tellingly, plaintiff does not – and cannot – allege that any defendant was aware that the affiliates who allegedly sent him the text messages were sending anyone – no less the plaintiff – text messages.

**B.    Shriber and Zaks' Lack of Contacts with California**

Neither Shriber nor Zaks are domiciled in California, nor do they have continuous or systematic contacts in California. Shriber Decl. ¶ 3; Zaks Decl. ¶ 3. They have not purposefully availed themselves of California law or protections, or directed any activities towards the state. *See* Shriber Decl. ¶¶ 3–12; Zaks Decl. ¶¶ 3–12. In the past ten years, they have only come to California once, and that was for Roomster-related business meetings, and do not regularly conduct business in California. Shriber Decl. ¶¶ 11–12; Zaks Decl. ¶¶ 11–12. They have never operated an office in California, have never paid California state income taxes, hold no bank accounts in California, and are not registered to vote in California. Shriber Decl. ¶¶ 6–8, 11; Zaks Decl. ¶¶ 6–8, 11. They neither own, nor rent, any property in California, and have no family in California. Shriber Decl. ¶¶ 4–5, 9; Zaks Decl. ¶¶ 4–5, 9. Indeed, they do not meet any of the factors the Ninth Circuit uses in determining personal jurisdiction. *Yagman v. Gabbert*, 684 F. App'x. 625, 627–28 (9th Cir. 2017).

## IV.    ARGUMENT

**A.    Standard for Ruling on a Rule 12(b)(2) Motion to Dismiss**

"When a defendant moves to dismiss for lack of personal jurisdiction [pursuant to Rule 12(b)(2)], the plaintiff bears the burden of demonstrating that the court has jurisdiction." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013). While a court will resolve contested facts in plaintiff's favor, *id.*, a plaintiff cannot establish jurisdiction by alleging bare jurisdictionally-triggering facts without providing evidence of their existence; rather, the plaintiff is "obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (citation omitted).

"Personal jurisdiction over a nonresident defendant is tested by a two-part analysis." *Chan v. Soc'y*

1 *Expeditions, Inc.*, 39 F.3d 1398, 1404 (9th Cir. 1994). "First, the exercise of jurisdiction must satisfy the requirements of the applicable state long-arm statute." *Id.* "Second, the exercise of jurisdiction must comport with federal due process." *Id.* at 1404–05 (citation omitted). Because California's long-arm statute reaches as far as due process allows, *see* Cal. Code Civ. Proc. § 410.10, the Court need consider only whether the exercise of jurisdiction comports with due process. Due process requires that nonresident defendants have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945) (citations omitted).

Personal jurisdiction may be either general or specific. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 nn.8–9 (1984). "General jurisdiction exists when a defendant is domiciled in the forum state or his activities there are 'substantial' or 'continuous and systematic.'" *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (quoting *Helicopteros*, 466 U.S. at 414-16). "Specific jurisdiction" exists where a claim arises directly from a defendant's contacts with the forum. *See AT&T Tel. & Tel. Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996).

Due process also requires that "[e]ach defendant's contacts with the forum must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984); *see also Rush v. Savchuk*, 444 U.S. 320, 332 (1980) ("The requirements of *International Shoe* . . . must be met as to each defendant over whom a state court exercises jurisdiction."). Specifically, "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 n.13 (1984); *see also Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990) (citation omitted) ("The Shers contend, without benefit of case support, that . . . jurisdiction over the partnership establishes jurisdiction over the partners. The Shers are wrong.").

**B.   Shriber and Zaks Are Not Subject to General Jurisdiction in California**

For the Court to exercise general jurisdiction over Shriber and Zaks, their contacts with California must be "so substantial, continuous, and systematic that [they] can be deemed to be 'present' in [California] for all purposes." *Menken v. Emm*, 503 F.3d 1050, 1056–57 (9th Cir. 2007). They are not, and the Complaint does not allege otherwise.

The "paradigm" forum in which an individual is subject to general jurisdiction is the state in

4

which the individual is domiciled. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *see also Square 1 Bank v. Lo*, 128 F. Supp. 3d 1257, 1262 (N.D. Cal. 2015) (noting same). "A party is 'domiciled' in the location in which he or she has established a 'fixed habitation or abode,' and the person must have 'an intention to remain there permanently or indefinitely.'" *Hanson v. Equilon Enters. LLC*, No. C 14-02674 LB, 2014 U.S. Dist. LEXIS 110795, at *10 (N.D. Cal. Aug. 8, 2014). "Several factors are relevant to the domicile inquiry, with no single factor controlling. [Citation.] These factors include current residence, voting information, location of property, location of brokerage and bank accounts, location of spouse and family, place of employment, driver's license and automobile registration, payment of taxes, and membership in unions or other organizations." *Yagman*, 684 F. App'x. at 627–28; *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (enumerating similar list of factors).

Here, plaintiff has made no allegations about where Shriber and Zaks are domiciled. *See* ¶¶ 6–7. In fact, Shriber and Zaks are affirmatively not domiciled in California, and do not have "continuous" or "systematic" contacts with the state. *See* Shriber Decl. ¶¶ 3–12; Zaks Decl. ¶¶ 3–12. In the past ten years, they have only come to California once, and that was for Roomster-related business meetings, and do not regularly conduct business in California. Shriber Decl. ¶¶ 11–12; Zaks Decl. ¶¶ 11–12. Shriber and Zaks do not and have never owned property in California, held bank accounts in California, been registered to vote in California, or paid any taxes in California. Shriber Decl. ¶¶ 6–9; Zaks Decl. ¶¶ 6–9. They are not connected to California, and thus cannot be subject to its jurisdiction. *LeDuc v. Ky. Cent. Life Ins. Co.*, 814 F. Supp. 820, 824 (N.D. Cal. 1992) ("None of the Individual Defendants lives in California, works in California or owns real property in California, although a few of the Individual Defendants have made occasional business related trips to California. Several of the Individual Defendants have not even been in California in the last five years. Thus, none of the Individual Defendants is sufficiently connected to California to warrant the exercise of general jurisdiction in this case."); *Ross v. Altria Group, Inc.*, No. C 04-01453 SI, 2004 U.S. Dist. LEXIS 18558, at *11 (N.D. Cal. Sept. 3, 2004) (no general jurisdiction over individual defendant who only visited the state once and who "does not have offices, real property, contracts, bank accounts, or loans in California, and [] has never filed tax returns in the state").

Shriber and Zaks' roles as officers in a corporation subject to personal jurisdiction in California

is insufficient to subject them to general jurisdiction here. *See Lewis v. Travertine, Inc.*, No. 2:17-cv-00016-CAS (JCx), 2017 U.S. Dist. LEXIS 62926 (C.D. Cal. Apr. 24, 2017) (non-California citizen's partial ownership of corporation with an office in California and regular telephone calls with California-based employees insufficient to subject her to general jurisdiction in California); *Hendricks v. New Video Channel Am.*, No. 2:14-cv-02989-RSWL-SSx, 2015 U.S. Dist. LEXIS 74677, at *12–13 (C.D. Cal. June 8, 2015) (Canadian defendant's position as director and chief executive officer of corporation subject to general jurisdiction in California insufficient to render him subject to general jurisdiction in California).[2] Accordingly, there is no general jurisdiction over Shriber and Zaks.

        **C.**      <u>**Shriber and Zaks Are Not Subject to Specific Jurisdiction in California**</u>

                **1.**      **Standard for Analyzing Specific Jurisdiction**

A three-part test governs whether a defendant is subject to specific jurisdiction in the Ninth Circuit:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). Plaintiff "bears the burden of satisfying the first two prongs" of this test. *Id.* If he is successful, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)). Although plaintiff's "uncontroverted allegations . . . must be taken as true," plaintiff cannot rely on bare allegations, as he does

---

[2]    While contemporaneously with this Motion, defendant Roomster Corp. has answered plaintiff's complaint, Roomster's consent to this Court's jurisdiction does not amount to – or even suggest – Shriber and Zaks' consent. *See Keeton*, 465 U.S. at 781 n.13 ("[J]urisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him."); *see also Calder*, 456 U.S. at 790 (finding that "[e]ach defendant's contacts with the forum State must be assessed individually," and the individual defendants' contacts with California "are not to be judged according to their employer's activities there").

here, to meet his burden. *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

In the Ninth Circuit, courts generally apply one of two tests to determine whether a plaintiff has met the first prong of the specific jurisdiction test: "purposeful availment" or "purposeful direction." *Schwarzenegger*, 374 F.3d at 802. Which test is applied often depends upon the nature of the claims at issue: "[a] purposeful availment analysis is most often used in suits sounding in contract," while "[a] purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Id.* Because each of plaintiff's claims against Shriber and Zaks sounds in tort rather than contract, the "purposeful direction" framework applies here.[3]

### 2. Shriber and Zaks Have Not Purposefully Directed Any Conduct Toward California

The "purposeful direction" analysis is a three-pronged test that has its origins in the Supreme Court's opinion in *Calder*: "[T]he defendant allegedly must have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 577 (9th Cir. 2018). The only acts plaintiff alleges were aimed at California are the text messages he allegedly received, which plaintiff admits were not sent by Shriber or Zaks, or even Roomster for that matter.

Even if plaintiff has a valid claim against Roomster for the alleged text messages, specific personal jurisdiction cannot exist over individual corporate officer defendants unless the individual defendant "was the 'guiding spirit' behind the wrongful conduct…or the 'central figure' in the challenged corporate activity." *Davis*, 885 F.2d at 523 n.10; *see also Indep. Elec. Supply v. Solar Installs, Inc.*, No. 4:18-cv-01435-KAW, 2018 U.S. Dist. LEXIS 198930, at *28–29 (N.D. Cal. Nov. 21, 2018) ("A person's association with a corporation who causes harm in the forum state is not sufficient to find personal jurisdiction over that person. The corporate form may be ignored only if the harm comes

---

[3] *See Deeba Abedi v. New Age Med. Clinic PA*, No. 1:17-CV-1618 AWI SKO, 2018 U.S. Dist. LEXIS 105932, at *4 n.2 (E.D. Cal. June 22, 2018) ("Because TCPA claims sound in tort, [citations], the Court will limit its discussion to 'purposeful direction.'"); *Moser v. Health Ins. Innovations, Inc.*, No. 3:17-cv-1127-WQH-KSC, 2018 U.S. Dist. LEXIS 3237, at *10 (S.D. Cal. Jan. 5, 2018) ("Because cases brought under the TCPA sound in tort, the Court will employ the effects test to determine whether it has specific jurisdiction over the Nationwide Defendants."); *Luna v. Shac, LLC*, No. C14-00607 HRL, 2014 U.S. Dist. LEXIS 96847, at *5 n.1 (N.D. Cal. July 14, 2014) (noting that the parties did not dispute that specific jurisdiction in TCPA action be analyzed under the "purposeful direction" standard).

about 'by virtue of the individual's control of, and direct manipulation in the alleged activities."). Far from being the "guiding spirit[s]" Shriber and Zaks did not even have knowledge that the plaintiff was being sent text message by these – or any – Roomster affiliates.

Further, even if *Roomster* knew that the plaintiff was receiving unsolicited messages purportedly on behalf of Roomster – and it did not – "mere knowledge of tortious conduct by the *corporation* is not enough to hold *a director or officer* liable for the torts of the corporation…the corporate officer must be a 'primary participant in the alleged wrongdoing' and have 'control of, and direct participation in the alleged activities.'" (emphasis added) *Id.* It is clear that Shriber and Zaks did not participate in – or even have knowledge of – the alleged wrongdoing; in fact, none of the defendants – and certainly not Shriber or Zaks – have direct contact with the individuals (like plaintiff) who click on the affiliate's advertisements until they become a Roomster subscriber. Shriber Decl. ¶ 15. Indeed, even if Shriber or Zaks (or Roomster) had knowledge of the text messages that were allegedly sent to the plaintiff, none would have had reason to know that the plaintiff was in California, as the phone number on which he allegedly received the text messages had a 541 area code (Shriber Decl. ¶ 22), which serves Oregon, not California. RJN, Boyajian Decl. ¶ 3, Ex. B.[4]

Further demonstrating that Shriber and Zaks are far from being the "guiding spirit" or the "central figure[s]" of the challenged corporate activity, Shriber and Zaks have expressly disassociated Roomster with affiliates that send messages like the alleged text messages to plaintiff. Shriber Decl. ¶ 18. Specifically, Roomster has explicit policies in its Terms of Use prohibiting this type of activity, and has sent affiliates warnings to prevent them from engaging in this activity. *Id*. ¶¶ 18–21.[5] Roomster consistently enforces its policies by terminating and not paying affiliates who violate the policies and terms of the program. *Id*. ¶ 19. For example, on December 15, 2017, Roomster posted a notice on the Roomster affiliate program homepage, specifically stating that they "do not do business with any affiliates who post on Craigslist, will not accept any leads that come from Craigslist," and that if an

---

[4]  Indeed, even the phone number listed in the caption of the Complaint does not have a California area code. RJN, Boyajian Decl. ¶ 3, Ex. B.

[5]  Plaintiff extensively quotes from and makes reference to the Terms of Use in the Complaint. *See* Complaint ¶¶ 24–29. Accordingly, the Court may consider the Terms of Use in ruling on this Motion to Dismiss, as they are incorporated by reference. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

8

Case No.: 5:20-cv-00411-SVK
Defendants Shriber and Zaks' Notice of Motion and Motion to Dismiss Complaint
ACTIVE48431422

affiliate posts on Craigslist, his or her account will be terminated. *Id*. The December 15, 2017 notice, posted before the plaintiff notified Roomster of the texts he allegedly received, further states that Roomster has "removed every affiliate who has been caught" posting, emailing, or texting people on Craigslist. *Id*. ¶ 19.[6] In accordance with this policy, the affiliates that allegedly sent the messages to plaintiff were terminated immediately after Roomster was provided notice of the conduct. *Id*. ¶ 24.

In fact, in the past few years, Roomster has dramatically reduced the number of affiliates active in the affiliate program to reduce the likelihood of any type of behavior – not just texting – that potentially violated Roomster's Terms of Use, and recently, has altogether stopped accepting new affiliates. *Id*. ¶ 23. Specifically, of all the individuals who have enrolled in the affiliate program, only approximately 3% remain active – the rest have been terminated. *Id*.

There is no allegation made – and none can be made – that Shriber and Zaks were aware that the Roomster affiliates who sent messages to plaintiff sent him – or anyone else – text messages. *Id*. ¶ 17. Courts have held that a lack of involvement of this nature is not enough to give the court personal jurisdiction over corporate officers. *See, e.g., Marsh v. Zaazoom Sols., LLC*, No. C-11-05226-YGR, 2012 U.S. Dist. LEXIS 37758, at *29–30 (N.D. Cal. Mar. 20, 2012) (dismissing two individual defendants who "r[a]n the day-to-day operations" of a defendant corporation that allegedly operated an online scam because the plaintiffs had not sufficiently demonstrated or alleged that the individual defendants participated in the scam at all, aside from "acts that occurred by virtue of their roles with defendant-companies") (citing *Davis*, 885 F.2d at 520). Where a plaintiff's complaint is "devoid of any allegations of a specific act" and only alleges that the defendants "actively participated in [the alleged] misconduct," there is no purposeful direction toward California. *Id.* There are no allegations or facts that demonstrate Shriber and Zaks purposefully directed any conduct – no less the allegedly wrongful

---

[6] Additionally, the Roomster support team informs affiliates that they will be banned by Roomster if they advertise on Craigslist. On September 24, 2018, the customer service department at Roomster sent a notification to affiliates stating, "[a]ny affiliate account posting or sending messages on other roommate matching sites will be terminated immediately." Shriber Decl. ¶ 20. Similarly, on September 11, 2019, after the plaintiff advised Roomster of the text messages that he was sent, a notification was sent stating that posting on Craigslist is not allowed, and "any affiliate who posts on Craigslist will be terminated and not paid." *Id*. ¶ 21. Two days later, Roomster sent another notification stating "Affiliates are not allowed to collect numbers off craigslist and send text messages with links. Affiliates who have been doing this will be removed, blocked and not paid." *Id*.

conduct – at California; thus, there can be no specific personal jurisdiction over them.

### D. The Exercise of Personal Jurisdiction over Shriber and Zaks Would Violate Due Process

Subjecting Shriber and Zaks to personal jurisdiction in California would deprive them of their due process under the Constitution. Due process requires that nonresident defendants have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316 (citations omitted). As detailed in this Motion, Shriber and Zaks do not have "certain minimum contacts" with California. Further, Roomster's contacts in California cannot be imputed to Shriber and Zaks, as due process requires that "[e]ach defendant's contacts with the forum must be assessed individually." *Calder*, 465 U.S. at 790; *see also Keeton*, 465 U.S. at 781 n.13 ("Jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him."). Plaintiff has failed to meet his burden of demonstrating – or even alleging – that the Court has jurisdiction over Shriber and Zaks. Shriber and Zaks should therefore be dismissed from this action.

## V. CONCLUSION

For the foregoing reasons, John Shriber and Roman Zaks respectfully request that the Court dismiss the claims against them for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

Dated:  February 25, 2020            GREENBERG TRAURIG, LLP


By: /s/ Nina D. Boyajian
      Ian C. Ballon
      Nina D. Boyajian
      Attorneys for Defendants Roomster Corp.; John S. Shriber; Roman Zaks