GREENBERG TRAURIG, LLP
IAN C. BALLON (SBN 141819)
*Ballon@gtlaw.com*
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
Tel: 650-328-8500
Fax: 650- 462-7881

GREENBERG TRAURIG, LLP
NINA D. BOYAJIAN (SBN 246415)
*BoyajianN@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700
Fax: 310-586-7800

Attorneys for Defendant Roomster Corp.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| Alexander von Brandenfels,<br><br>　　　　Plaintiff in Pro Per,<br><br>vs.<br><br>Roomster Corp.,<br><br>　　　　Defendant. | CASE NO.:  5:20-cv-00411-SVK<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br><br>Action Filed:   January 21, 2020<br>Case Management Conference:  April 28, 2020 |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure and Civil Local Rule 16-9, plaintiff Alexander von Brandenfels and defendant Roomster Corp. (the "Parties") jointly submit this case management statement and discovery plan in advance of the April 28, 2020 Initial Case Management Conference.

Plaintiff and Roomster have met and conferred and discussed the issues prescribed by Fed. R. Civ. P. 26(f). The Joint Case Management Statement reflects the matters on which plaintiff and Roomster agree, and their respective positions on the issues on which they disagree.

**1.     Jurisdiction and Service:** This Court has subject matter jurisdiction over plaintiff's claims as they are based on federal statutes. No further issues exist regarding personal jurisdiction or venue, as John Shriber and Roman Zaks, officers of Roomster, have been dismissed from the action, following their motion to dismiss for lack of personal jurisdiction. No parties remain to be served.

**2.     Facts**: Plaintiff alleges that in April 2019, he conducted searches on Craigslist for a room to rent. After he provided his cell phone number in email replies to Craigslist posts, he began to receive text messages allegedly from Roomster affiliates, instructing him to sign up for Roomster's services.

**3.     Legal Issues:** Plaintiff alleges that Roomster should be held liable under the Telephonic Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, for text messages allegedly sent to him by Roomster affiliates. Plaintiff contends that the text messages were sent using an Automatic Telephonic Dialing System ("ATDS") and that he did not provide written consent to receive the messages. Plaintiff further alleges that Roomster violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, based on its purported liability for the text messages and for allegedly participating in posting fake reviews of its application.

Roomster maintains that (1) it did not have actual knowledge of the text messages sent to plaintiff, (2) the text messages were not sent using an ATDS, and/or (3) plaintiff provided consent to receive the text messages. Accordingly, there is no liability under the TCPA. Roomster further denies that there is any enterprise or predicate act that would give rise to liability under RICO. Roomster also contends that plaintiff's claims are barred, in part or in whole, by the affirmative defenses asserted in its Answer, including but not limited to, unclean hands.

**4.     Motions:** John Shriber and Roman Zaks, officers of Roomster, filed a motion to dismiss for lack

of personal jurisdiction. Rather than opposing the motion, plaintiff voluntarily dismissed them.

Roomster intends to bring a motion seeking leave of court to serve a third party via substituted service or seek a ruling from the Court at the CMC. Specifically, plaintiff's girlfriend, Cristina White, a first-year law student at Berkeley Law, is an individual with whom the plaintiff has corresponded regarding this lawsuit. In consideration of the health and safety of those involved and shelter-in-place orders throughout California, Roomster emailed the subpoena for Ms. White to the plaintiff and asked whether he would accept service on her behalf or whether she would accept service by email. Plaintiff objected to assisting Roomster in serving Ms. White. Accordingly, Roomster seeks an order for service by email.

Roomster may further file a motion for judgment on the pleadings and a motion for summary judgment.

**5.** **Amendment of Pleadings:** Plaintiff may amend his Complaint to add new claims or parties, and Roomster may assert counterclaims based on information learned during discovery (which has already commenced). The Parties' deadline to do so is April 13, 2020.

**6.** **Evidence Preservation:** The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.** **Disclosures:** The Parties timely exchanged initial disclosures on March 12, 2020. Each party identified individuals who would potentially provide relevant testimony, as well as documents they may use to support their respective claims and defenses. Plaintiff disputes that Roomster's disclosures are complete, contending that the disclosure must include the address and telephone number of an employee listed as an individual with discoverable information. Roomster advised that its CEO – the employee at issue – could be contacted through counsel for Roomster. When Plaintiff objected, Roomster provided the business address of Roomster, where the CEO works, and where the Plaintiff personally served the CEO in February (when he was a party to the action).

**8.** **Discovery:** The Parties have exchanged document requests and interrogatories and anticipate taking party depositions and third-party discovery. The Parties are meeting and conferring regarding

their respective responses to discovery and document productions. The Parties do not anticipate entering into a stipulated e-discovery order or formal discovery plan pursuant to Fed. R. Civ. P. 26(f).

The Parties agree that there should be no limits on discovery other than those imposed by the Federal Rules of Civil Procedure (subject to any party's right to seek relief in response to particular requests). Plaintiff will be deposed (virtually) on April 29, 2020.

Roomster proposes that the parties need not produce or include on privilege logs any postcomplaint communications with outside counsel, and need not serve privilege logs concurrently with responses to document requests, but instead serve privilege logs at a later time to be agreed by the parties. Plaintiff requests privilege logs of postcomplaint communications with counsel and that privilege logs be produced according to the timeline required by paragraph 12 of Judge van Keulen's CIVIL AND DISCOVERY REFERRAL MATTERS STANDING ORDER.

The parties will submit deadlines for the close of fact and expert discovery as part of this proposed case management order.

**9. Class Actions:** This is not a class action.

**10. Related Cases:** There are no related cases.

**11. Relief:**

Plaintiff's position: Plaintiff seeks (a) an injunction to stop Roomster from violating his rights under the TCPA in the future, (b) an award of monetary damages between $57,000 and $513,000, (c) reimbursement of any costs incurred by Plaintiff in this case, and (d) reimbursement of any attorney's fees incurred by Plaintiff in this case.

Roomster's position: Roomster maintains that plaintiff is not entitled to any relief he seeks.

**12. Settlement and ADR:** The Parties engaged in pre-litigation settlement discussions. There have been no ADR efforts to date, but the parties agree that a mediation may facilitate a resolution of the case. The Parties propose that any mediation be conducted by November 30, 2020.

**13. Consent to Magistrate Judge For All Purposes:** The Parties consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References:** The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.** **Narrowing of Issues:** At this time, the Parties are unable to narrow the issues, but anticipate that they will do so as discovery progresses.

**16.** **Expedited Trial Procedure:** This is not the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.** **Scheduling:** The Parties propose the following schedule:

| Event | Proposed Date |
| --- | --- |
| Last Day to Join Parties or Amend Pleadings Without Leave of Court | April 13, 2020 |
| ADR Deadline | November 30, 2020 |
| Close of Fact Discovery | October 31, 2020 |
| Opening Expert Disclosures | November 17, 2020 |
| Rebuttal Expert Disclosures | December 15, 2020 |
| Close of Expert Discovery | February 5, 2020 |
| Last Day to File Dispositive Motions | February 19, 2021 |
| Last Day for Hearing on Dispositive Motions | April 22, 2021 |
| Final Pre-Trial Conference | June 10, 2021 |
| Trial | June 21, 2021 |

**18.** **Trial:** The case will be tried to a jury and the expected length of the trial is 5 days.

**19.** **Disclosure of Non-party Interested Entities or Persons**: Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Roomster certifies that no publicly held corporation owns 10% or more of Roomster and Roomster has no parent corporation. Pursuant to Civil L.R. 3-15, Roomster further certifies that as of this date, other than the named parties, there is no such interest to report.

**20.** **Professional Conduct:** All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.** **Other:** Since Plaintiff is not an attorney, he may not sign his own subpoenas, and instead must get signed, blank subpoenas issued by the clerk (Fed. R. Civ. P. 45(a)(3)). In light of the clerk's office closures due to COVID-19, he would like advice on how to get these subpoenas issued in a way that is the least burdensome on the court system.

Dated: April 21, 2020                    GREENBERG TRAURIG, LLP

By: /s/ Nina D. Boyajian
Nina D. Boyajian
Attorneys for Defendant Roomster Corp.

Dated: April 21, 2020                    /s/ Alexander von Brandenfels
Alexander von Brandenfels
Plaintiff in Pro Per

## CERTIFICATION

I, Nina D. Boyajian, am the ECF user whose ID and password are being used to file this Joint Case Management Statement. In compliance with Local Rule 5-1(i)(3), I hereby attest that the concurrence of the filing of this document has been obtained from each of the other signatories indicated by a conformed signature (/s/) within this document.

DATED: April 21, 2020                    By: /s/ Nina D. Boyajian
Nina D. Boyajian