GREENBERG TRAURIG, LLP
IAN C. BALLON (SBN 141819)
*Ballon@gtlaw.com*
1900 University Avenue, 5th Floor
East Palo Alto, CA 94303
Tel: 650-328-8500
Fax: 650- 462-7881

GREENBERG TRAURIG, LLP
NINA D. BOYAJIAN (SBN 246415)
*BoyajianN@gtlaw.com*
1840 Century Park East, Suite 1900
Los Angeles, CA 90067-2121
Tel: 310-586-7700
Fax: 310-586-7800

Attorneys for Defendant Roomster Corp.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| Alexander von Brandenfels,<br><br>      Plaintiff in Pro Per,<br><br>vs.<br><br>Roomster Corp.,<br><br>      Defendant. | CASE NO.:  5:20-cv-00411-SVK<br><br>**DEFENDANT ROOMSTER CORP.'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>*[Proposed Order filed concurrently]*<br><br>Date:         May 26, 2020<br>Time:        10:00 a.m.<br>Courtroom:  6<br><br>Judge:        Hon. Susan Van Keulen<br>Action Filed: January 21, 2020 |

**TO ALL PARTIES IN INTEREST AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 26, 2020 at 10:00 a.m., in Courtroom 6 of the above-captioned Court, located at 280 South 1st Street, San Jose, CA 95113, before the Honorable Susan Van Keulen, defendant Roomster Corp. ("Roomster") will and hereby does move this Court for an order for judgment on the pleadings pursuant to Federal Rules of Civil Procedure, Rule 12(c).

Roomster is entitled to judgment on the pleadings on plaintiff Alexander von Brandenfels' Racketeer Influenced and Corrupt Corporations Act ("RICO") claims, his fourth and fifth causes of action, as he does not have statutory standing to bring the claims under 18 U.S.C. §1964(c), and has not alleged the existence of an enterprise, as required under 18 U.S.C. § 1961(4). Specifically, the only injury plaintiff has alleged is from alleged violations of the Telephone Consumer Protection Act, which is not a predicate act under RICO, and the only predicate offense he has alleged has not caused him any injury as defined by the RICO statute.

Additionally, plaintiff has not alleged the existence of a RICO enterprise. He has alleged that Roomster and its affiliates are part of the same entity and are not distinct, and therefore cannot constitute an enterprise as a matter of law.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, all pleadings and files in this matter, and upon such other and further oral or documentary evidence as may be presented to the Court at or prior to the hearing on this Motion.

Dated: April 21, 2020                    GREENBERG TRAURIG, LLP

                                         By: /s/ Nina D. Boyajian
                                             Ian C. Ballon
                                             Nina D. Boyajian
                                             Attorneys for Defendant Roomster Corp.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................... 1

    A. Standard for Ruling on a Rule 12(c) Motion for Judgment on the Pleadings ...................... 1

    B. Plaintiff Does Not Have Statutory Standing to Assert a RICO Violation Because he Fails to – and Cannot – Allege Any Injury Caused by a RICO Predicate Offense ........... 2

        1. Plaintiff Does Not Allege Injury from a Predicate Act Under RICO ..................... 2

        2. Plaintiff Only Alleges Injury Under the TCPA, Violation of Which is Not a Predicate Act Under RICO ................................................................................. 3

        3. Plaintiff Fails to Allege That he Suffered Any Resulting Injury from Wire Fraud ................................................................................................................ 4

    C. Plaintiff Fails to Allege a RICO Enterprise .......................................................................... 5

III. CONCLUSION ............................................................................................................... 7

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Canyon County v. Syngenta Seeds, Inc.*,
    519 F.3d 969 (9th Cir. 2008) ........................................................................................................ 2

*Gomez v. Bank of America, N.A.*,
    642 Fed. App'x 670 (9th Cir. 2016) ............................................................................................. 4

*Guerrero v. Gates*,
    442 F.3d 697 (9th Cir. 2006) ........................................................................................................ 2

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*,
    896 F.2d 1542 (9th Cir. 1990) ...................................................................................................... 2

*Hemi Group, LLC v. City of New York*,
    559 U.S. 1 (2010) ................................................................................................................. 1, 2, 5

*JM Martinac Shipbuilding Corp. v. Washington*,
    63 Fed App'x 529 (9th Cir. 2010) ................................................................................................ 2

*JPMorgan Chase Bank v. Access Healthsource, Inc.*,
    225 Fed. App'x 663 (9th Cir. 2007) ............................................................................................. 6

*Lee v. Gen. Nutrition Companies, Inc.*,
    No. CV 00-13550 LGB, 2001 WL 34032651 (C.D. Cal. Nov. 26, 2001) ................................... 6

*Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*,
    431 F.3d 353 (9th Cir. 2005) .................................................................................................... 5, 6

*Lyon v. Chase Bank USA, N.A.*,
    656 F.3d 877 (9th Cir. 2011) ........................................................................................................ 2

*McColm v. Anber*,
    No. C 06-7369 PJH, 2006 WL 3645308 (N.D. Cal. Dec. 12, 2006) ........................................... 5

*Nordberg v. Trilegiant Corp.*,
    445 F. Supp. 2d 1082 (N.D. Cal. 2006) ................................................................................... 1, 5

*Osgood v. Main Streat Marketing, LLC*,
    No. 16CV2415-GPC(BGS), 2017 WL 131829 (S.D. Cal. Jan. 13, 2017) ................................... 3

*Rae v. Union Bank*,
    725 F.2d 478 (9th Cir. 1984) .................................................................................................... 5, 6

*In re Rexplore, Inc. Securities Litigation*,
    685 F. Supp. 1132 (N.D. Cal. 1988) ............................................................................................ 4

*Saniefar v. Moore*,
   No. 117CV00823LJOBAM, 2018 WL 1305710 (E.D. Cal. Mar. 13, 2018) ........................ 5

*Sever v. Alaska Pulp Corp.*,
   978 F.2d 1529 (9th Cir. 1992) ........................................................................................ 5, 6

*In re Toyota Motor Corp.*,
   785 F. Supp. 2d 883 (C.D. Cal. 2011) ............................................................................ 6, 7

*U.S. Concord, Inc. v. Harris Graphics Corp.*,
   757 F. Supp. 1053 (N.D. Cal. 1991) ............................................................................ 3, 4, 5

*U.S. ex rel. Cafasso v. General Dynamics C4 Systems, Inc.*,
   637 F.3d 1047 (9th Cir. 2011) ............................................................................................ 2

*U.S. v. Fernandez*,
   388 F.3d 1199 (9th Cir. 2004) ............................................................................................ 3

**Federal Statutes**

18 U.S.C. § 1961(1) ............................................................................................................... 3, 4

18 U.S.C. § 1961(4) ............................................................................................................... 5, 7

18 U.S.C. § 1962(a) ............................................................................................................... 3, 4

18 U.S.C. § 1962(c) .................................................................................................................... 5

18 U.S.C. § 1964 ........................................................................................................................ 3

18 U.S.C. § 1964(c) .................................................................................................................... 2

47 U.S.C. § 227 .......................................................................................................................... 3

**Rules**

Federal Rules of Civil Procedure, Rule 12(b)(6) ....................................................................... 1

Federal Rules of Civil Procedure, Rule 12(c) ........................................................................ 1, 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Roomster is entitled to judgment on the pleadings on plaintiff's Racketeer Influenced and Corrupt Corporations Act ("RICO") claims on two separate and independent grounds: (1) the lack of statutory standing because of the absence of any injury caused by a RICO predicate act, and (2) the absence of a RICO enterprise.

Plaintiff alleges that Roomster, along with its affiliates – which plaintiff alleges are Roomster's agents – constitute a RICO enterprise, and that this so-called enterprise engaged in wire fraud and committed Telephone Consumer Protection Act ("TCPA") violations, thereby injuring him. But plaintiff has no statutory standing to assert a RICO claim as he has not suffered any injury caused by any RICO predicate offense. *See Hemi Group, LLC v. City of New York*, 559 U.S. 1, 9 (2010) (the plaintiff must show that "a RICO predicate offense 'not only was a 'but for' cause of his injury, but was the proximate cause as well'"). Plaintiff alleges injury from Roomster's purported violation of the TCPA, which is not a predicate offense under RICO, and fails to allege that he suffered any injury caused by Roomster's alleged wire fraud; thus, he has not alleged any injury caused by a RICO predicate offense.

Plaintiff's RICO claims further fail because Roomster and its alleged agents, who are, according to plaintiff, one and the same, cannot constitute an enterprise, as the RICO enterprise must be distinct from the named defendant.[1] *See Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1090 (N.D. Cal. 2006) ("a single individual or entity cannot be both the RICO enterprise and an individual RICO defendant [or 'person' as] . . . an individual cannot associate or conspire with himself.").

## II.   ARGUMENT

### A.   Standard for Ruling on a Rule 12(c) Motion for Judgment on the Pleadings

A party may move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure "after the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion to dismiss for failure to

---

[1] Roomster disputes that its affiliate marketers are its agents and disputes that it has either committed wire fraud or violated the TCPA, but assumes as true the allegations in plaintiff's Complaint for purposes of this Rule 12(c) motion.

state a claim, and subject to the same legal standard. *See U.S. ex rel. Cafasso v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011).

A motion for judgment on the pleadings is proper "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, [a] party is entitled to judgment as a matter of law." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (citations and quotations omitted).

**B.  Plaintiff Does Not Have Statutory Standing to Assert a RICO Violation Because he Fails to – and Cannot – Allege Any Injury Caused by a RICO Predicate Offense**

**1.  Plaintiff Does Not Allege Injury from a Predicate Act Under RICO**

A plaintiff does not have statutory standing to assert a RICO violation under 18 U.S.C. § 1964(c) if he cannot show that (1) he has suffered an "injury to business or property" that is (2) "by reason of" the defendant's alleged RICO violations. *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008). To allege injury, the plaintiff must show "harm to a specific business or property interest." *JM Martinac Shipbuilding Corp. v. Washington,* 363 Fed App'x 529, 531 (9th Cir. 2010). In showing harm to a specific business or property interest, the plaintiff must not only show "proof of concrete financial loss," but also that the concrete financial loss was related to the specific business or property interest. *Guerrero v. Gates,* 442 F.3d 697, 707 (9th Cir. 2006); *see also Canyon County*, 519 F.3d at 975 ("RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff. Requiring that a plaintiff demonstrate a financial loss to her business or property is consistent with that purpose."). The plaintiff must further show that "a RICO predicate offense 'not only was a 'but for' cause of his injury, but was the proximate cause as well.'" *Hemi Group*, 559 U.S. at 9 (quoting *Holmes v. Secs. Investor Protection Corp.*, 503 U.S. 258, 268 (1992)). Here, plaintiff has neither shown any concrete financial loss related to a specific business or property interest, nor that such loss was caused by a RICO predicate offense.

Plaintiff's only alleged "injury" is receipt of text messages in violation of the TCPA. However, as discussed below, the TCPA is not a predicate offense under RICO, and thus plaintiff's alleged injury

was not caused by a RICO predicate offense. Additionally, his alleged injury from the alleged acts of wire fraud, also receipt of text messages, is not sufficient because RICO requires that the plaintiff show that he was injured by the "use or investment of the racketeering income, rather than from the predicate acts alone." *U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F. Supp. 1053, 1059 (N.D. Cal. 1991).

### 2. Plaintiff Only Alleges Injury Under the TCPA, Violation of Which is Not a Predicate Act Under RICO

Plaintiff alleges that Roomster violated 47 U.S.C. § 227, the TCPA, by sending him unsolicited autodialed text messages through its marketing affiliates and that this claimed violation of the TCPA harmed him by "depriving him of his right to control which parties are allowed to send autodialed text messages to his cell phone." Complaint ¶¶ 182, 183. Plaintiff further alleges that this alleged violation of the TCPA is a RICO predicate offense, and that it resulted in injury to his property interests. *See id.* ¶¶ 222-228, 237-242. He is wrong.

The RICO statute specifically enumerates the limited felonies that constitute predicate offenses for purposes of alleging a RICO violation, and violation of the TCPA is not one of them. *See U.S. v. Fernandez*, 388 F.3d 1199, 1221 (9th Cir. 2004) (listing the RICO predicate acts as "'any act or threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in [narcotics],' that is an offense under state law 'and punishable by imprisonment for more than one year'") (citing 18 U.S.C. § 1961(1)). Not only is a violation of the TCPA conspicuously absent from the language of 18 U.S.C. § 1961(1), courts have specifically held that it *cannot* constitute a predicate act under RICO. *See Osgood v. Main Streat Marketing, LLC*, No. 16CV2415-GPC(BGS), 2017 WL 131829, at *10 (S.D. Cal. Jan. 13, 2017) ("Since a violation of the TCPA is not listed as a predicate act under 18 U.S.C. § 1961(1), a RICO claim based on TCPA violations cannot stand."). Thus, even if plaintiff was injured by Roomster's alleged violation of the TCPA,[2] this would not meet the injury element of 18 U.S.C. § 1964 because a violation of the TCPA cannot constitute a predicate offense under RICO.

---

[2] As set forth in its Answer (Dkt. 18, ¶¶ 128, 208, 221, 237), Roomster disputes the existence of any violation of the TCPA by Roomster, or resulting injury to plaintiff, but those disputes are beyond the scope of this Motion.

### 3. Plaintiff Fails to Allege That he Suffered Any Resulting Injury from Wire Fraud

Plaintiff further alleges that Roomster committed wire fraud, which, unlike an alleged violation of the TCPA, is identified as a potential predicate offense under RICO. *See* 18 U.S.C. 1961(1); Complaint ¶¶ 217-219, 233, 242. However, while plaintiff alleges that Roomster committed wire fraud, he has not and cannot allege that he suffered any injury as a result of the alleged wire fraud. His claim is therefore fatally flawed.

Plaintiff alleges that Roomster committed wire fraud by allegedly sending unsolicited text messages (which, as discussed above, is not a predicate act) and publishing "fake app reviews" of Roomster on the "Google and Apple application stores." Complaint ¶¶ 217, 233. Plaintiff's only alleged "injury" from the alleged acts of wire fraud is his receipt of the text messages; he does not allege any injury from the "fake app reviews," nor is there any such injury as he never subscribed to Roomster's services or paid any money to Roomster.

His allegation of injury from his receipt of the text messages, however, is not sufficient: RICO requires that the plaintiff show that he was injured by the "*use or investment of the racketeering income, rather than from the predicate acts alone.*" *U.S. Concord, Inc.*, 757 F. Supp. at 1059 (emphasis added); *see also In re Rexplore, Inc. Securities Litigation*, 685 F. Supp. 1132, 1141 (N.D. Cal. 1988) ("By contrast, the gravaman of the offense under Section 1962(a) is not the underlying racketeering activity itself, but the subsequent use and investment of proceeds obtained through the racketeering activity."); *Gomez v. Bank of America, N.A.*, 642 Fed. App'x 670, 675 (9th Cir. 2016) ("Plaintiffs need to allege facts tending to show they were injured by 'the use or investment of racketeering income,' as opposed to the racketeering activity itself."). Plaintiff was not, however, injured by Roomster's "use and investment" of the income from the wire fraud because he never subscribed to Roomster's services. *See* Complaint ¶ 52. Plaintiff alleges that Roomster profits from this alleged wire fraud "scheme" because recipients of the allegedly autodialed messages then click on links within the message that lead them to subscribe to Roomster, and that Roomster then profits from such subscriptions. *See id.* ¶ 75. This is the alleged "use and investment of the racketeering income." But plaintiff was not – and could not have been – injured by such use and investment because he did not subscribe to Roomster and thus never paid any money to Roomster for a subscription; thus, Roomster did not – and could not – profit from

plaintiff's receipt of the text messages. *See U.S. Concord*, 757 F. Supp. at 1059. It is not sufficient that he be injured by the act of the alleged wire fraud; rather, he must be injured by actual profits received from the alleged wire fraud, which was impossible here as he never gave Roomster a dime. *See id.*

Accordingly, while plaintiff may allege that he was injured by the alleged receipt of messages in violation of the TCPA – which is not a predicate act under RICO – he was not injured by Roomster's alleged "use and investment" of the income derived from alleged wire fraud. Because plaintiff has failed to allege an injury caused by a RICO predicate offense, he has no statutory standing to maintain a RICO claim. *See Hemi Group*, 559 U.S. at 9.

### C. Plaintiff Fails to Allege a RICO Enterprise

In asserting a RICO claim, a plaintiff is further required to plead the existence of a RICO enterprise, which is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Notably, however, the named defendant must be separate and distinct from the alleged enterprise; "[i]n other words, a single individual or entity cannot be both the RICO enterprise and an individual RICO defendant [or 'person' as] . . . an individual cannot associate or conspire with himself." *Nordberg*, 445 F. Supp. 2d at 1090 (citing *River City Markets, Inc. v. Fleming Foods West. Inc.*, 960 F.2d 1458, 1461 (9th Cir. 1992)). Specifically, the Ninth Circuit has held that "for the purposes of a single action, a single corporate defendant cannot be both the RICO person and the RICO enterprise under section 1962(c)." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1534 (9th Cir. 1992); *see also Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984) (finding that in a case brought under § 1962(c), "[i]f Union Bank is the enterprise, it cannot also be the RICO defendant"); *see also McColm v. Anber*, No. C 06-7369 PJH, 2006 WL 3645308, at *6 (N.D. Cal. Dec. 12, 2006) (dismissing plaintiff's RICO claim for failure to allege the "essential element of existence of an enterprise"). The RICO distinctiveness element is further not met even if the alleged enterprise consists of a corporation along with its subsidiaries, agents, employees, and affiliates. *See Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) ("If the 'enterprise' consisted only of [the corporate defendant] and its employees, the pleading would fail for lack of distinctiveness."); *see also Saniefar v. Moore*, No. 117CV00823LJOBAM, 2018 WL 1305710, at *8 (E.D. Cal. Mar. 13, 2018) ("Because corporations act

5

only through their agents and employees, an enterprise consisting only of a corporation and its employees generally 'would fail for lack of distinctiveness.'").

Plaintiff alleges that Roomster and the people it allegedly hired to write "fake app reviews" about Roomster, constitute an enterprise, or "alternatively," that Roomster alone constitutes an enterprise. *See* Complaint ¶¶ 213-214. First, Roomster alone cannot be both the enterprise and the RICO defendant. *See Sever*, 978 F.2d at 1534; *see also Rae*, 725 F.2d at 481 (finding that if the corporate entity is the enterprise, "it cannot also be the RICO defendant"). Second, because plaintiff alleges that Roomster controls its affiliates, its "affiliates are its agents" (Complaint ¶ 100), and it hired people to write fake app reviews on its behalf to encourage "consumers…to purchase Roomster membership" (Complaint ¶ 164) (which Roomster forcefully denies), based on plaintiff's allegations, Roomster and its affiliates cannot constitute an enterprise because they are not distinct.³ *See* Complaint ¶¶ 100-101; *Living Designs*, 431 F.3d at 361.

In *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883 (C.D. Cal. 2011), plaintiffs alleged that there was a RICO enterprise "consisting of the Toyota Defendants, other unnamed worldwide affiliates, and Defendants' 'spokespersons,'" and that the "enterprise conducted 'Toyota's marketing, advertising, promotion and sales and leasing activities." 785 F. Supp. 2d at 900. The court held that plaintiffs failed to meet the distinctiveness element in alleging an enterprise because Toyota and their worldwide marketing and advertising affiliates and salespersons were the "same entities." *Id.* at 922; *see also Lee v. Gen. Nutrition Companies, Inc.*, No. CV 00-13550 LGB (AJWX), 2001 WL 34032651, at *14 (C.D. Cal. Nov. 26, 2001) (because a corporation, its affiliates, and two of its officers operated "within a unified corporate structure and were guided by a single corporate consciousness," there was no enterprise under RICO). Similarly, here, in his attempt to hold Roomster liable for the text messages sent by its affiliates, plaintiff alleges that the Roomster affiliates who conduct Roomster's marketing, advertising, and sales, and those it allegedly hires to write allegedly fake reviews, are controlled by the

---

³ Roomster disputes that its affiliates are its agents, and further denies that it pays for "fake reviews," but in deciding a motion for judgment on the pleadings, the Court must accept as true the allegations of the complaint in determining whether the plaintiff has stated a claim. *See JPMorgan Chase Bank v. Access Healthsource, Inc.*, 225 Fed. App'x 663, 664 (9th Cir. 2007) ("For purposes of a motion for judgment on the pleadings, all allegations of fact of the opposing party are accepted as true.").

Roomster corporation, and are Roomster agents; indeed, he alleges that they make up the same entity. Thus, plaintiff has not and cannot plead the existence of an enterprise under 18 U.S.C. § 1961(4). *See In re Toyota Motor Corp.*, 785 F. Supp. 2d at 922.

### III.   CONCLUSION

For either or both of the foregoing reasons, Roomster respectfully requests that it be granted judgment on plaintiff's RICO claims pursuant to Fed. R. Civ. P. 12(c).

Dated:  April 21, 2020                                  GREENBERG TRAURIG, LLP

                                                        By:  /s/  Nina D. Boyajian
                                                            Ian C. Ballon
                                                            Nina D. Boyajian
                                                        Attorneys for Defendant Roomster Corp.